IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamar Young, #56550-019, ) | C/A No.: 1:15-2420-RBH-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Bobby Meeks, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Jamar Young ("Petitioner"), proceeding pro se and in forma pauperis, is a federal inmate incarcerated at the Federal Correctional Institution ("FCI") in Williamsburg, South Carolina. He submitted this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice.

I.    Factual and Procedural Background

Petitioner alleges he was convicted in the United States District Court in the Northern District of Georgia of conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base. [ECF No. 1 at 2]. Petitioner states the court sentenced him as a career offender and imposed a term of imprisonment of 300 months. *Id.* at 3. Petitioner filed an appeal challenging his sentence and conviction on February 17, 2006, which the Eleventh Circuit Court of Appeals denied on November

29, 2006. *See United States v. Young,* No. 2:5-cr-25-03-WCO-JCF-3, ECF Nos. 102, 132 (N.D. Ga. Feb. 15, 2006).[1] Petitioner filed a motion to vacate judgment under 28 U.S.C. § 2255 on March 16, 2009, which the district court denied on June 25, 2009. *Id.,* ECF Nos. 147, 153. Petitioner filed three additional motions to vacate judgment under § 2255, which the district court also denied. *Id.* at ECF Nos. 211, 215, 218, 224, 234, 238. Petitioner then filed a motion for leave to file a successive 28 U.S.C. § 2255 motion, which was denied by the Eleventh Circuit Court of Appeals on October 22, 2014. *Id.* at ECF No. 241. Petitioner challenges his sentence and argues he is actually innocent of the career offender enhancement. [ECF No. 1 at 8].

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a

---

[1] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

    1. A challenge to a federal conviction is properly brought pursuant to 28 U.S.C. § 2255

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citations omitted). Prior to the enactment of § 2255, federal prisoners could collaterally attack a federal conviction through a petition for a writ of habeas corpus pursuant to § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). However, "a number of practical problems, among which were difficulties in obtaining records and taking evidence in a district far removed from the district of conviction . . . led Congress to enact § 2255, 'which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently.'" *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) (quoting *Triestman*, 124 F.3d at 373). "[T]he remedy provided by

3

2255 was intended to be as broad as that provided by the habeas corpus remedy" and "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention." *Rice v. Lamanna*, 451 F. Supp. 2d 755, 761–62 (D.S.C. 2006) (quotation omitted).

Therefore, Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause.

> 2. Petitioner does not demonstrate § 2255 would be inadequate or ineffective to test the legality of his detention

To challenge his federal conviction and sentence under § 2241, Petitioner must satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Ennis v. Olsen,* 238 F.3d 411 (4th Cir. 2000). Petitioner unsuccessfully filed a direct appeal and four § 2255 motions. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted).

Additionally, Petitioner fails to satisfy the criteria set forth by the Fourth Circuit Court of Appeals to determine whether a § 2255 motion would be inadequate or

4

ineffective to test the legality of a prisoner's detention. In *In re Jones*, the court held a petitioner must show:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

Petitioner fails to demonstrate the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Instead, Petitioner attempts to invoke § 2255's savings clause by demonstrating the sentencing court improperly enhanced his sentence. Petitioner argues he did not have two prior felony convictions as required for career offender classification because "his two prior felony state convictions are 'consolidated' according to Georgia State Statute O.C.G.A. § 17-10-7." [ECF No. 1-1 at 19]. In support of his argument, Petitioner cites to *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013). In *Davis*, the Fourth Circuit held a consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement, and absent another qualifying sentence, the career offender enhancement is inapplicable. However, the holding in *Davis* is not applicable to Petitioner because it does not apply retroactively on collateral review. *See Whorton v. Bockting*, 549 U.S. 406, 416–17 (2007) (discussing analytic framework for deciding whether to apply an appellate decision retroactively to judgments in criminal cases that are already final on direct review); *Miller v. United States*, No. 13-6254, 2013 WL 4441547, at *4–5 (4th Cir. Aug. 21,

2013); *see also, Lee v. United States*, Nos. 7:07-CR-79-D, 1:11-CV-177-D, 2013 WL 5561438, \*3 (E.D.N.C. Oct. 8, 2013) (finding that *Davis* announced a purely procedural rule that is not retroactive on collateral review).

Additionally, Fourth Circuit precedent has "not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In Re Jones*, 226 F.3d at 333–34); *see* also, Order, *Rouse v. Wilson*, No. 1:13-cv-748 (GBL/TRJ) (E.D.Va. Feb. 19, 2014), aff'd *Rouse v. Wilson*, 584 F. App'x 76 (4th Cir. 2014) (affirming a district court order holding that a petitioner could not challenge a sentencing enhancement via § 2241). As Petitioner cannot demonstrate a substantive law change made the conduct for which he was convicted non-criminal, his claims are insufficient to invoke the savings clause embodied in § 2255. This case is subject to summary dismissal.

III.    Conclusion and Recommendation

Accordingly, the undersigned recommends the court dismiss the petition in the above-captioned case without prejudice and without requiring the respondent to file a return.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 30, 2015                                          Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).